IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIEVA PLEAS, INDIVIDUALLY, AND AS DULY
APPOINTED NEXT FRIEND FOR THE MINOR
K.W.,

        Plaintiff,

vs.                           Case No. 10-2600-JTM

FIRST STUDENT, INC., ET. AL.,

        Defendants.

MEMORANDUM AND ORDER

Defendant First Student, Inc.'s Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings (Dkt. No. 53) and Motion for Judgment on the Pleadings (Dkt. No. 32) are before the court. For the following reasons, the court denies the motions.

**I. Factual Background**

This is a negligence action in which plaintiff, Kieva Pleas, alleges that K.W., a minor, was ejected from her wheelchair and thrown to the floor of the school bus operated by defendant's driver. Plaintiff alleges the driver failed to secure K.W. to her wheelchair, causing serious injury to her when the bus stopped suddenly. Plaintiff brings four claims against defendant in the Second Amended Complaint (Dkt. No. 51): Count I Negligence of the Driver; Count II Negligent Entrustment; Count III Negligence for failing to equip the school bus with a non-defective system for wheelchair-bound

passengers; and Count IV Negligent Hiring, Training, and Supervision. Defendant moves for judgment or to dismiss claims in which plaintiff seeks to use evidence that defendant failed properly to secure K.W. in her wheelchair.

**II. Legal Standard**

First, defendant filed its Motion to Dismiss after filing its Answer to the Second Amended Complaint. Technically, it is impermissible to file a motion to dismiss after submitting an answer. Under Fed. R. Civ. P. 12(b) a motion to dismiss for failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." However, Rule 12(h)(2) permits a court to consider the defense of failure to state a claim upon which relief can be granted in a Rule 12(c) motion for judgment on the pleadings. Therefore, the court may treat a 12(b)(6) motion as one under Rule 12(c). *Thomas v. Travnicek*, No. 00-3360, 2003 WL 22466194, at *1 (D. Kan. Aug. 15, 2003). The distinction between the two motions is purely formal because a court reviews a 12(c) motion under the same standard as a Rule 12(b)(6) motion. *See Park Univ. Enters., Inc. v. Am. Casualty Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). Defendant's motions will be analyzed under the following 12(b)(6) standard.

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . .

2

. . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

The court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and are undisputed. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court may also consider facts subject to judicial notice without converting the motion into one for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

### III. Analysis

The issue in this motion is whether Kansas law permits plaintiff to introduce facts showing

defendant did not properly secure K.W. in the bus with the proper seat belt restraint system as direct evidence of defendant's negligence. Defendant argues that such evidence is impermissible under Kansas law to show negligence.

The pertinent statutory provision provides: "Evidence of failure to secure a child in a child passenger safety restraining system or a safety belt under the provisions of K.S.A. 8-1344, and amendments thereto, shall not be admissible in any action for the purpose of determining any aspect of comparative negligence or mitigation of damages." KAN. STAT. ANN. § 8-1345(d) (2007). However, before reaching the question of whether the specific mandate in the statute bars evidence in this case, plaintiff argues that the statute does not apply. Plaintiff argues, "the Kansas statutes invoked by defendant have no application to school buses as they are specifically limited to passenger cars, defined under the act as 'a motor vehicle . . . with motive power designed for carrying 10 passengers or fewer.'" Dkt. No. 57, pg. 2 (citing KAN. STAT. ANN. §§ 8-1343a; 8-2502).

Defendant cites certain provisions of the Child Passenger Safety Act and the Safety Belt Use Act prohibiting evidence of the nonuse of a seat belt in certain circumstances. *See* KAN. STAT. ANN. §§ 1343 to 8-1347; §§ 8-2501 to 8-2507. Plaintiff argues that defendant's school bus is not a "passenger car" covered by either Act. In both Acts, "passenger car" is defined as:

> [A] motor vehicle, manufactured or assembled after January 1, 1968, or a motor vehicle manufactured or assembled prior to 1968 which was manufactured or assembled with safety belts, with motive power designed for carrying 10 passengers or fewer, including vans, but does not include a motorcycle . . . .

KAN. STAT. ANN. §§ 8-1343a; 8-2502. Each act applies only to "passenger cars." *See* KAN. STAT. ANN. §§ 8-1344; 8-2503. Defendant concedes the school bus at issue is not a passenger car under either Act but still maintains established Kansas law prohibits failure to use a seat belt as evidence

4

of negligence. It is unnecessary to determine whether either Act is applicable to the bus at issue because, as analyzed below, Kansas law does not prohibit evidence of nonuse of a safety restraint system to establish a defendant's direct negligence.

Kansas courts have a long history of prohibiting evidence of the nonuse of a seatbelt. The leading Kansas Supreme Court case provides: "The legislature has clearly stated that evidence concerning the failure to use a seat belt or the failure to secure a child in a safety restraining system or in a seat belt *is not admissible for the purpose of determining comparative negligence or mitigation of damages in any action*." 245 Kan. 756, 764-65, 783 P.2d 1293, 1299 (1989) (emphasis added). Prior to *Watkins*, Kansas courts had repeatedly refused to allow evidence of the nonuse of a seatbelt to prove that party's fault. *See Hampton v. State Highway Comm'n*, 209 Kan. 565, 581, 498 P.2d 236, 249 (1972) (holding there is no common law duty to use a seatbelt, thus, defendant could not introduce evidence concerning plaintiff's nonuse of his seat belt); *Taplin v. Clark*, 6 Kan. App.2d 66, 69-70, 626 P.2d 1198, 1201-02 (1981) (holding evidence of nonuse of a seat belt by a passenger is inadmissible on the issues of contributory fault and mitigation of damages); *Ratterree v. Bartlett*, 238 Kan. 11, 18, 707 P.2d 1063, 1069 (1985) (holding that a passenger in a car has no legal duty to use a seat belt in anticipation of the driver's negligence, and that nonuse of a seat belt was inadmissable to compare fault or to prove a failure to mitigate damages); *Rollins v. Kan. Dep't of Transp.*, 238 Kan. 453, 455-56, 711 P.2d 1330, 1332-33 (1985) (holding that evidence of a failure to use a seat belt by someone other than the plaintiff is inadmissible to show fault).

Defendant contends, citing the above cases and § 8-1345, that evidence of the nonuse of a seatbelt is prohibited in all cases. The prohibition on such evidence is, however, not as all encompassing as defendant would have it. Both the Tenth Circuit and the Kansas Court of Appeals

have held evidence of the nonuse of a seat belt may be admissible in certain cases. *See Gardner ex rel. Gardner v. Chrysler Corp.*, 89 F.3d 729 (10th Cir. 1996); *Floyd v. General Motors Corp.*, 25 Kan. App.2d 71, 960 P.2d 763 (1998). In *Gardner*, the plaintiff brought a products liability action against defendant asserting the seat back in her vehicle was a defective product. 89 F.3d at 734. Defendant sought introduction of plaintiff's failure to use the seat belt to counter evidence that its entire occupant restraint system was defective. *Id.* at 735. In finding the evidence of nonuse could not be restricted, the court, using elemental rules of statutory construction, found § 8-2504(c) did not apply because that statute pertained only to evidence used to establish comparative negligence or to mitigate damages. *Id.* at 736. Because the defendant sought to use the evidence for a different purpose (to defend allegations of a defect) the statute did not apply. *Id.* at 736. Similarly, in *Floyd*, the Kansas Court of Appeals held the trial court did not err when admitting evidence of a failure to use a seat belt in a products liability case because the evidence was used to show the steering column did not cause the accident, not to show comparative fault or to mitigate damages. 25 Kan. App.2d at 72-73, 960 P.2d at 765-66.

This case presents another instance in which § 8-1345(d) (or § 8-2504(c)) does not operate to prohibit evidence of the nonuse of a seat belt or safety restraint system. By its very language, the statute applies only to restrict evidence of nonuse to "any action for the purpose of determining any aspect of *comparative negligence or mitigation of damages*." KAN. STAT. ANN. § 8-1345(d) (emphasis added). "The legislature is presumed to have expressed its intent through the language it enacted. For this reason, when the language of a statute is plain and unambiguous, courts 'need not resort to statutory construction.'" *Frick v. City of Salina*, 289 Kan. 1, 8, 208 P.3d 739, 745 (2009) (citing *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025, 1042 (2007)). Plaintiff is not seeking to offer

6

the evidence for comparative negligence or mitigation purposes, but rather to show direct evidence of defendant's negligence. Because the statute does not prohibit non-use evidence to establish direct negligence, plaintiff may introduce evidence that defendant failed properly to secure K.W. in her restraint system. *See Gardner*, 89 F.3d at 736. As the *Gardner* court recognized, this conclusion is also supported by the interpretive tenet of *expressio unius exlusio alterius*,[1] meaning when the legislature defines the reach of a statute, matters beyond that reach are not included. *See* 89 F.3d at 736. Additionally, this result is in harmony with the legislature's intent in enacting this statute. *See Watkins*, 245 Kan. at 761, 783 P.2d at 1297 ("By enacting [KAN. STAT. ANN. § 8-1345], the legislature intended that parents or legal guardians who failed to employ a child safety restraint system would not be barred from bringing an action against individuals whose negligence injured the child."). Prohibiting evidence of nonuse of a seat belt or safety restraint system in this case would not further this goal because the defendant is not seeking to lessen plaintiff's recovery by using the evidence.

In sum, Kansas law does not prohibit introduction of the nonuse of a safety restraint system to establish direct negligence in this case. Even if § 8-1345 applies to the vehicle in this case, it is clear that the Kansas legislature did not intend to curtail introduction of such evidence to establish the direct negligence of a defendant. Defendant's arguments to the contrary are unavailing. As such, the court denies defendant's motions.

---

[1] *Expressio unius exlusio alterius*, literally means "[t]he expression of one thing is the exclusion of another." BLACK'S LAW DICTIONARY 1717 (8th ed. 2004).

IT IS ACCORDINGLY ORDERED this 1st day of August, 2011, that defendant First Student, Inc.'s Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings (Dkt. No. 53) and Motion for Judgment on the Pleadings (Dkt. No. 32) are denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
