IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIEVA PLEAS, INDIVIDUALLY, AND AS DULY
APPOINTED NEXT FRIEND FOR THE MINOR
K.W.,

                    Plaintiff,

                  vs.                       Case No. 10-2600-JTM

FIRST STUDENT, INC., ET. AL.,

                    Defendants.

MEMORANDUM AND ORDER

This matter comes before the court on defendant First Student, Inc.'s Motion to Certify

Question of Law (Dkt. No. 97). For the following reasons, the court denies defendant's motion.

The question defendant seeks to certify to the Kansas Supreme Court is:

> Does the law of Kansas recognize a negligence claim based on the failure to use a
> seatbelt/shoulder harness or other passenger restraint system within a motor vehicle
> to restrain the plaintiff?

Dkt. No. 98, pg. 1. The defendant previously brought this issue to the court's attention in its Motion

to Dismiss or in the Alternative Motion for Judgment on the Pleadings (Dkt. No. 53) and Motion

for Judgment on the Pleadings (Dkt. No. 32). In its previous Order, this court held "Kansas law does

not prohibit introduction of the nonuse of a safety restraint system to establish direct negligence."

Dkt. No. 94, pg. 7. In holding so, the court analyzed Kansas case law preceding and interpreting the

Child Passenger Safety Act Kan. Stat. Ann. §§ 8-1343 to 8-1347 and the Safety Belt Use Act Kan.

Stat. Ann. § 8-2501 to 8-2507. The court found those acts and cases unquestionably held that the

failure to use a seatbelt or child safety restraint system is not admissible for purposes of determining comparative negligence or mitigation of damages. *See Watkins v. Hartsock*, 245 Kan. 756, 764-65, 783 P.2d 1293, 1299 (1989). The court found no case restricting the use of seatbelt evidence to establish the direct negligence of a defendant and further held that the specific language of the acts limited the prohibition only to comparative negligence and mitigation of damages situations. Dkt. No. 94, pg. 6.

**I. Motion to Certify**

Pursuant to the Uniform Certification of Questions of Law Act, Kan. Stat. Ann. § 60-3201, a party may move this court to certify a question of state law to the Kansas Supreme Court. That Act provides:

> The Kansas supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

KAN. STAT. ANN. § 60-3201 (2010). The decision to certify rests soundly within the discretion of this court. *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716-17 (10th Cir. 2005). The court will consider whether certification will "conserve the time, energy, and resources of the parties as well as of the court itself." *Boyd Rosene & Assocs. v. Kan. Mun. Gas*, 178 F.3d 1363, 1365 (10th Cir. 1999). Certification should not be "'routinely invoked whenever a federal court is presented with an unsettled question of state law.'" *Marzolf v. Gilgore*, 924 F. Supp. 127, 129 (D. Kan. 1996) (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)). "In fact, it is the duty of the

2

federal courts to decide questions of state law when necessary to render a judgment, unless there exists 'some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred.'" *Kansas Judicial Watch v. Stout*, 455 F. Supp.2d 1258, 1262 (D. Kan. 2006) (quoting *Copier ex rel. Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998)). Even if there is no state law governing an issue, certification is not required. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1217 n.22 (10th Cir. 2002); *Boyd Rosene & Assocs.*, 178 F.3d at 1365; *see also* KAN. STAT. ANN. § 60-3201 (providing the standard when the Kansas Supreme Court may answer a certified question but not requiring certification in any instance).

In this case, the court will not exercise its discretion to certify the issue presented to it by the defendant. This issue previously came before the court on defendant's Motion for Judgment on the Pleadings (Dkt. No. 32) filed on March 18, 2011, and Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings (Dkt. No. 53) filed on May 2, 2011. The court did not issue its ruling on the matters until August 1, 2011. Defendant had over four months to file a motion to certify before this court issued its ruling and it did not do so. Defendant also could have filed a motion to certify at any time after the plaintiff filed her Complaint. Instead, defendant filed its Motion to Certify Question of Law two weeks after it received an unfavorable decision on its previous motions. It is well settled in the Tenth Circuit and this District that motions for certification filed after a district court's adverse ruling are disfavored. *See In re Midpoint Dev. L.L.C.*, 466 F.3d 1201, 1207 (10th Cir. 2006) ("We 'generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court.'") (quoting *Massengale v. Okla. Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994)); *Enfield ex rel. Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir. 2000)

("Although the issues raised by the [defendant] are novel and somewhat difficult, the [defendant] did not seek certification until after it received an adverse decision from the district court. That fact alone persuades us that certification is inappropriate."); *Boyd Rosene & Assocs.*, 178 F.3d at 1364 ("Late requests for certification are rarely granted by this court and are generally disapproved, particularly when the district court has already ruled."); *United States v. Jones*, 512 F. Supp.2d 1193, 1195 (D. Kan. 2007); *United States v. Ruiz-Lopez*, No. 05-40060-1, 2006 WL 1302194, at *2 (D. Kan. May 9, 2006).

This court further notes that it is regularly tasked with predicting how the Kansas Supreme Court would decide a particular issue. In fact, it is this court's duty to decide difficult and even undecided questions of state law. *See Enfield ex rel Enfield*, 228 F.3d at 1255 ("'[U]nder the diversity statutes the federal courts have the duty to decide questions of state law even if difficult or uncertain.'") (quoting *Copier*, 138 F.3d at 838). Although neither the Kansas Supreme Court nor the Kansas Court of Appeals have decided the particular question at issue involving a child passenger restraint system, the court previously noted that the plain language of the statute, in part, guided the court to its conclusion. Further, *Gardner ex rel. Gardner v. Chrysler Corp.*, 89 F.3d 729 (10th Cir. 1996) and *Floyd v. General Motors Corp.*, 25 Kan. App.2d 71, 960 P.2d 763 (1998) provide substantial guidance. Therefore, this issue is not so novel that it involves an issue completely devoid of controlling precedent under state law. This court made a well informed and reasoned decision in its attempt to predict how the Kansas Supreme Court would decide the issue. Additionally, the court finds that certification would not conserve the court's or the parties' time, energy, and resources.

IT IS ACCORDINGLY ORDERED this 16th day of September 2011, that defendant First

Student, Inc.'s Motion to Certify Question of Law (Dkt. No. 97) is denied.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE